TIMOTHY PERLA (*pro hac vice* pending)
timothy.perla@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JESSICA LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1160
Facsimile: (628) 235-1001

*Attorneys for Defendant*
*Life Insurance Company of the Southwest*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Scott Hoffman, Barry Blisten, Deann Fallas, Gerry Oxx, Damon Stokes, Susan Strozewski, Sarah White, and Maria De Altonaga, individually and as representatives of the Class,<br><br>Plaintiffs,<br><br>vs.<br><br>Life Insurance Company of the Southwest,<br><br>Defendant. | Case No. 5:23-cv-04068<br><br>**DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2) AND 1441**<br><br>State Court Docket: Superior Court of the State of California, County of Santa Clara, Case No. 23CV418236<br><br>Complaint Filed: June 26, 2023 |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE THAT**, for the reasons stated below, Defendant Life Insurance Company of the Southwest ("LICS")[1] herby removes the above-captioned action from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California.

As grounds for removal, LICS states as follows:

### SUMMARY

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

### PROCEDURAL HISTORY AND BACKGROUND

3. On June 26, 2023, Plaintiffs Scott Hoffman, Barry Blisten, Deann Fallas, Gerry Oxx, Damon Stokes, Susan Strozewski, Sarah White, and Maria De Altonaga (collectively, "Plaintiffs") filed a putative class action complaint captioned *Hoffman, et al. v. Life Insurance Company of the Southwest* in the Superior Court of California in the County of Santa Clara. True and correct copies of all process, pleadings, and orders filed in the state court action are attached hereto:

    a. EXHIBIT A: A true and correct copy of the state court docket sheet.

    b. EXHIBIT B: A true and correct copy of the complaint.

    c. EXHIBIT C: A true and correct copy of the civil case cover sheet.

    d. EXHIBIT D: A true and correct copy of the summons.

---

[1] Plaintiffs' complaint refers to Defendant Life Insurance Company of the Southwest as "LSW."

1  e. EXHIBIT E: A true and correct copy of the proof of initial service.

2  4. In the complaint, Plaintiffs allege that LICS "charg[ed] teachers millions of dollars in undisclosed and unauthorized fees on their supplemental retirement savings plans" in violation of Cal. Educ. Code § 25100, *et seq*. Compl. ¶ 1. The complaint asserts, on behalf of a putative class, claims for violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200, et seq. (the "UCL"). *Id.* at ¶¶ 138-155. Plaintiffs seek restitution, attorneys' fees and costs, and equitable relief. *Id.* at 31. LICS disputes the allegations in the complaint and disputes that Plaintiffs are entitled to any relief.

5. Plaintiffs served LICS with the complaint and summons on July 12, 2023. LICS's time to respond to the complaint and summons has not expired, and LICS has not served or filed an answer. *See* Proof of Initial Service, *Hoffman, et al. v. Life Insurance Company of the Southwest*, No. 23CV418236 (Cal. Sup. Ct., Santa Clara County) (July 13, 2023).

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days from July 12, 2023, the date which LICS was served with a copy of the complaint and summons. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

7. This action is removable to this Court because the County of Santa Clara is located within the Northern District of California. *See* 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

8. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (D) in which "the matter in controversy

2

DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF ACTION
*Hoffman, et al. v. Life Insurance Company of the Southwest*

exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). This action satisfies these requirements.

### A. This Action Is A Putative Class Action

11. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

12. California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Section 382 is the California state analog to Federal Rule of Civil Procedure 23.

13. Plaintiffs bring their claims on behalf of themselves individually and a class consisting of "[a]ll public employees of all California local school districts, community college districts, county offices of education, and state employees of a state employer under the uniform state payroll system, excluding the California State University System, eligible to participate in an annuity contract and custodial account as described in Section 403(b) of the Internal Revenue Code of 1986 that, in the four years predating the filing of this Complaint and continuing through the date the class list is prepared, who were invested in an indexed annuity 403(b) product issued by Defendant and who paid fees that were not properly disclosed on 403bcompare.com." Compl. ¶ 129. This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

### B. The Putative Class Exceeds 100

14. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

15. In their complaint, Plaintiffs propose to represent a class consisting of "[a]ll public employees of all California local school districts, community college districts, county offices of education, and state employees of a state employer under the uniform state payroll system, excluding the California State University System, eligible to participate in an annuity contract and custodial account as described in Section 403(b) of the Internal Revenue Code of 1986 that, in the four years predating the filing of this complaint and continuing through the date the class list is prepared, who were invested in an indexed annuity 403(b) product issued by Defendant" and who allegedly "paid fees that were not properly disclosed on 403bcompare.com[,]" which Plaintiffs allege amounts to "hundreds or thousands of class members." Compl. ¶¶ 129, 131.

16. Moreover, LICS's records confirm that the putative class, as defined, would exceed 100.

17. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

**C.  There Is Diversity Of Citizenship Between The Parties**

18. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

19. Plaintiff Scott Hoffman is a resident of San Jose, California. Compl. ¶ 17.

20. Plaintiff Barry Blisten is a resident of Lake View Terrace, California. Compl. ¶ 19.

21. Plaintiff Deann Fallas is a resident of Bakersfield, California. Compl. ¶ 21.

22. Plaintiff Gerry Oxx is a resident of Signal Hill, California. Compl. ¶ 23.

23. Plaintiff Damon Stokes is a resident of Norwalk, California. Compl. ¶ 25.

24. Plaintiff Susan Strozewski is a resident of Orange, California. Compl. ¶ 27.

25. Plaintiff Sarah White is a resident of Pasadena, California. Compl. ¶ 29.

26. Plaintiff Maria De Altonaga is a resident of Hayward, California. Compl. ¶ 31.

27. Defendant LICS is incorporated in Texas and its principal place of business is Addison, Texas. Compl. ¶ 34.

28. Because Plaintiffs Scott Hoffman, Barry Blisten, Deann Fallas, Gerry Oxx, Damon Stokes, Susan Strozewski, Sarah White, and Maria De Altonaga are citizens of California and LICS is a citizen of Texas, this is a putative class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Diversity of citizenship accordingly exists between the parties.

### D. The Amount In Controversy Exceeds $5,000,000

29. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

30. Plaintiffs seek to recover restitution, attorneys' fees and costs, and equitable relief. Compl. at 31.

31. Plaintiffs allege that over $10,000,000 is in controversy. They allege that LICS "charged teachers millions of dollars in undisclosed…fees" and "the harm caused by [LICS's] business practices" involved "skimming tens of millions of dollars from the retirement savings" of public educators. Compl. ¶¶ 1, 149.

32. While LICS vigorously denies liability, LICS's records indicate, consistent with the complaint, that over $5,000,000 is in controversy.

33. Plaintiffs also seek injunctive relief (Compl. ¶¶ 16, 132), which would impose an additional financial burden on LICS. Plaintiffs also seek attorneys' fees (*id.* at ¶ 154), which in a class action can run well into millions of dollars.

34. Thus, the amount in controversy requirement for removal under CAFA is satisfied.

**OTHER PROCEDURAL MATTERS**

35. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), LICS will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

36. Upon the filing of this Notice of Removal, LICS will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of Santa Clara, in accordance with 28 U.S.C. § 1446(d).

37. By filing this Notice of Removal, LICS does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the complaint state a valid claim under any applicable law. *See Wabash W. Ry. v. Brow*, 164 U.S. 271, 278 (1896) (holding removal to federal court does not waive personal jurisdiction defense); *see also Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 300-301 (9th Cir. 1986) (dismissing removed federal action for lack of personal jurisdiction); *Webb v. Sitzes*, 82 F.3d 424 (9th Cir. 1996) ("The district court properly held that the motion to remove did not waive the objection to personal jurisdiction.").

38. The exceptions to removal contained in 28 U.S.C. § 1332(d)(3) & (4) do not apply because no defendant is a citizen of California.

39. LICS reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

**NOTICE TO STATE COURT AND PLAINTIFFS**

Counsel for LICS certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Santa Clara, and given to Plaintiffs' counsel promptly. WHEREFORE, the case now pending in the Superior Court of California, County of Santa Clara, Case No. 23CV418236, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

Respectfully submitted,

Dated: August 10, 2023
                                                */s/ Jessica Lewis*
JESSICA LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1160
Facsimile: (628) 235-1001

TIMOTHY PERLA (*pro hac vice* pending)
timothy.perla@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant*
*Life Insurance Company of the Southwest*

---

7

DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF ACTION
*Hoffman, et al. v. Life Insurance Company of the Southwest*