UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HOFFMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIFE INSURANCE COMPANY OF THE SOUTHWEST,<br><br>    Defendant. | Case No. 23-cv-04068-PCP   (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 98 |

Before the Court is the Parties' Joint Discovery Statement ("Joint Statement") pursuant to which named Plaintiff Krimbow ("Plaintiff") seeks to compel production of documents from Defendant Life Insurance Company of the Southwest ("Defendant" or "LICS"). Having reviewed the litigation history between the Parties, the relevant law and the Joint Statement, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Plaintiff Krimbow was one of several Plaintiffs in this putative class action asserting that Defendant charged undisclosed fees for deferred indexed annuity products in violation of the California Education Code and Unfair Competition Law. Dkt. 33. Following a motion to dismiss, only Plaintiff Krimbow's claim arising out of an undisclosed rider fee on a registered indexed annuity survived. Order Granting in Part Motion to Dismiss ("MTD Order"), Dkt. 80. Plaintiff was given leave to amend, but did not do so. *Id*. The Parties now dispute the scope of relevant discovery. In particular, the Parties dispute whether Plaintiff's definitions of "Rider Fees" and "Indexed Annuity 403(b) Products" are relevant and proportional in light of the MTD Order.

**I.    "Fees"**

To address this issue, an overview of the pleadings and discovery that address "fees" is helpful.

**A. Amended Complaint (Dkt. 33)**

In relevant part for this dispute, the Amended Complaint alleges as follows:

    34. Krimbow was invested in a 403(b) product offered by Defendant called

> SecurePlus Platinum from September 17, 2019 through 2023. Within the past four years, Krimbow has incurred fees within this product that were illegal pursuant to Cal. Educ. Code §§ 25101, 25107 because they were not disclosed as required by the Code.
>
> ********
>
> 127. Plaintiff Krimbow was also charged rider fees that were not disclosed on the Website. Between September 2019 (when Krimbow first invested in the SecurePlus Platinum product) and 2023, the Website has stated that the SecurePlus Platinum product offered an optional Guaranteed Lifetime Income Rider, and that investors who selected the rider would pay annual fees of between 0.65% and 0.75% of their account balance. Krimbow selected this rider when opening her account, but was charged an annual rate of 0.90% for the rider over the next four years, 20% higher than the maximum rate disclosed on the Website.

The Amended Complaint defines "Direct Fees" only with a description of "Riders":

> *2. Direct Fees*
>
> 91. **Riders.** When an investor signs up for an indexed annuity, they can choose to purchase a "rider," which provides additional features in the contract. Riders may provide additional flexibility regarding when money can be withdrawn without penalty (*e.g.*, disability or nursing home confinement), how money is credited (*e.g.*, provides a boost to the Crediting Strategies or limits the fees), or how much money can be withdrawn (*e.g.*, allowing guaranteed minimum withdrawal amounts where certain criteria are met). Most riders come with a direct fee that is deducted from the contract value.

The Amended Complaint also contains class allegations. Dkt. 33 at 29.

**B. MTD Order (Dkt. 80)**

Much of the MTD focused on whether various undisclosed fees can support a cause of action under the UCL. MTD Order, 9-11. Relevant to the dispute at hand, Defendant cogently summarized Judge Pitts' conclusion on this subject:

2

>Judge Pitts rejected Plaintiff's broad view of the term "fees," holding that caps, participation rates, and spreads are *not* "fees" even if they can "directly affect the investor's rate of return."

Joint Statement at 8 (emphasis in original). In ultimately allowing Plaintiff Krimbow's claim, the Court stated:

> Krimbow has thus adequately pleaded that she was <u>charged a fee associated with a registered 403(b) product that was not disclosed in violation of Section 25107</u>. This suffices to state a claim under the UCL's unlawful prong.

MTD Order at 13 (emphasis in original). Plaintiff acknowledges that, "[T]he Court granted Defendant's motion to dismiss as to indirect fees and as to unregistered products" and that "[P]laintiff's remaining claims therefore relate to *direct fees* charged in connection with *registered products*." Joint Statement at 1, 2 (emphasis in original).

### C. RFPs

In the RFPs, Plaintiff uses the term "Rider Fees," which she defines as follows:

> "Rider Fees" means charges related to an Indexed Annuity 403(b) Product that directly reduce the investor's account balance."

Dkt. 98-2 at 2.

### D. Joint Statement

Finally, in the Joint Statement, Plaintiff revises her proposed class:

> In light of the Court's Order, Plaintiff seeks to represent a class of investors who share the following characteristics: 1) they purchased a registered product from Defendant and 2) they were charged an undisclosed direct fee.

Joint Statement at 2.

********

Plaintiff now seeks discovery covering all direct fees for registered products that should have been disclosed on Defendant's website. Joint Statement at 3. Defendant objects to the extent the RFPs cover fees other than the specific rider fee paid for by Plaintiff or products beyond the specific annuity purchased by Plaintiff. Id. at 6

3

### E. Discussion

In evaluating discovery in putative class actions, the Court looks to the proposed class definition along with other pertinent allegations in the operative complaint. Here the Court's process is also informed by the MTD Order, which alters the scope of the Amended Complaint and its proposed class. As set forth above, pursuant to the MTD Order, only direct fees are relevant. The Amended Complaint provides a single example of a "Direct Fee": a "rider" which is a fee that "provides additional features in the contract." Amended Complaint ¶ 91. By contrast, the RFPs define "Rider Fees" much more broadly as any charge that directly reduces the investor's account balance. Dkt. 98-2. The Court shares Defendant's concern that Plaintiff's definition of "Rider Fees" in the RFPs is not in accord with Judge Pitts' MTD Order. However, the Court does not agree with Defendant that "Rider Fee" must be limited to the specific rider that Plaintiff purchased. Joint Statement at 7-8. The allegations in the Amended Complaint support a definition of "Rider Fees" limited to fees that provide additional features in the contract. Accordingly, the Court **ORDERS** as follows: "Rider Fees" shall be limited to fees that provide additional features in the contract.

## II. Annuity Products

In the Joint Statement, the Parties both recognize that only registered products remain at issue and that there are 18 such products, including the specific annuity purchased by Plaintiff. The RFPs that address "Products," each provide the following definition:

> 'Indexed Annuity 403(b) Products' means 'a fixed annuity whose yield return is partially based on an equities Index.'

Dkt. 98-2. Thus, Plaintiff seeks discovery directed to all 18 registered products. Joint Statement, 4-5. Defendant objects, arguing that discovery should be limited to only the annuity purchased by Plaintiff, the SecurePlus Platinum annuity. *Id*. at 8-9. Defendant acknowledges that a plaintiff may bring claims for products it did not purchase, provided that plaintiff's claims are "substantially similar" to injuries suffered by putative class members. *Id*. at 8, citing *McKinney v. Corsair Gaming, Inc.*, 646 F. Supp. 3d 1133, 1141 (N.D. Cal. 2022).

The harm articulated in the surviving allegations of the Amended Complaint arises out of

undisclosed changes to rider fees, as defined in section I above, applied to registered products. MTD Order at 13. That is the harm allegedly suffered by Plaintiff and, via the class allegations, putative class members. Accordingly, the Court **ORDERS** as follows: Defendant's objection as to the scope of "Products" is overruled, and all 18 Indexed Annuity 403(b) Products are properly included in the RFPs.

### III.     Relevant Time Period

The Parties do not address the "Relevant Time Period" in the Joint Statement, though their competing definitions are clear on the face of Plaintiff's RFPs and Defendant's Responses. Dkt. 98-2; Dkt. 98-3. In the RFPs, Plaintiff seeks documents from "June 26, 2018 to the Present." However, in the Joint Statement, Plaintiff states that the period of her investment is "September 2019 through 2023." Dkt. 98 at 1. Defendant, in its objections to the RFPs, asserts that the relevant time period is "June 26, 2019 to June 26, 2023" without explanation. The current posture of the Amended Complaint, as informed by the MTD Order, dictates that the relevant time period would be that in which the Plaintiff and the putative class members suffered substantially similar injuries. Accordingly, the Court **ORDERS** as follows: discovery is limited to the period of Plaintiff's investment in the SecurePlus Platinum annuity. The Parties are to meet and confer regarding the exact temporal boundaries.

### IV.     Remaining Disputes

Defendant also objects to the breadth of RFP 7, 13 and 14 as disproportionate to the needs the case. Joint Statement at 10. Although Plaintiff does not specifically respond to these concerns, the Court infers Plaintiff's position from the arguments made in support of the scope of discovery as to fees and products. The Court's rulings on these issues are set forth in the attached **Exhibit A**.

**SO ORDERED.**

Dated: April 9, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

5